10-4561-cv
McKeown v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand twelve.

PRESENT:

> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

Kevin McKeown,

> *Plaintiff - Counter Claimant - Appellant*,

v.                                                                          10-4561-cv

The State of New York, The Office of Court Administration of the Unified Court System, Thomas J. Cahill, in his official and individual capacity, Nancy J. Barry, in his official and individual capacity, Sherry M. Cohen, in his official and individual capacity, Joseph M. Accetta, in his official and individual capacity, Robert M. DiBella, in his official and individual capacity, McQuade & McQuade, Esqs., Joseph F. McQuade, individually and as a partner of McQuade & McQuade, John Does, 1-20, Jane Does, 1-20,

> *Defendants - Counter Defendants - Appellees*,

The N.Y. State Commission on Judicial Conduct, The N.Y.S.
1st Dept. Departmental Disciplinary Committee, The N.Y.S.
Grievance Committee, 9th Judicial District, Gary L. Casella,
in his official and individual capacity, Francis A. Nicolai, in his
official and individual capacity, Anthony A. Scarpino, Esq., in
his official and individual capacity, Robert A. Korren, Jeffrey A.
McNamara, Patricia Bave-Planett, Giulini & Giulini, Esqs.,
Charles A. Giulini, individually and as a partner of Giulini and
Giulini, Christine Giulini, individually and as a partner of Giulini
and Giulini, Catherine M. Miklitsch, Michael D. McQuade,
individually and as partner of McQuade & McQuade,

                    *Defendants-Appellees*.

—————————————————————————————

FOR APPELLANT:          Kevin McKeown, *pro se*, New York, NY.

FOR APPELLEES:          Barbara D. Underwood, Solicitor General; Michael S.
                        Belohavek, Senior Counsel; Patrick J. Walsh, Assistant
                        Solicitor General (of counsel), on behalf of Eric T.
                        Schneiderman, Attorney General of the State of New York.

Appeal from an order of the United States District Court for the Southern District of
New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Kevin McKeown, proceeding *pro se*, appeals from the district court's
denial of his motion to reopen brought pursuant to Rule 60(b). We assume the parties'
familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's decision on a Rule 60(b) motion for abuse of
discretion." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011)
(per curiam). Relief under Rule 60(b) is "generally not favored and is properly granted
only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of*

2

*Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). To the extent that McKeown's motion, filed more than two years after the district court's dismissal of his complaint, was based on mistake, new evidence, or fraud under Rule 60(b)(1), (2) or (3), the motion was untimely as it was filed well beyond the one-year deadline set forth in the rule. *See* Fed. R. Civ. P. 60(c)(1). In any event, upon consideration of McKeown's arguments on appeal, we conclude that the district court acted well within its discretion in concluding that McKeown was not entitled to Rule 60(b) relief.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk